## In re DAVID J. CONROY, Inc.

Circuit Court of Appeals, Second Circuit.
May 7, 1928.

No. 261.

1. **Collision** ⚖95(2)—**Tug passing through Hell Gate on flood tide unusually icy held at fault for collision of tow with drill.**

Tug, attempting to pass through Hell Gate on flood tide with two loaded scows astern on hawser, during season of extreme cold and unusual quantities of ice, *held* at fault for collision of tow with drill at work about midstream.

2. **Collision** ⚖153—**Finding that drill was not at fault for collision of lighter with broken casing will not be disturbed, without proof that notice was practicable.**

District Court's finding that drill, failing to recover, mark, or notify lighthouse department of inability to find casing, broken off by tug's tow without drill's fault, was not at fault for collision of lighter with such casing on following day, will not be disturbed, even if master of drill should not have concluded, after sweeping, that casing had been knocked flat, in absence of proof that notice to whole harbor by lighthouse department was practicable.

Appeal from the District Court of the United States for the Eastern District of New York.

Libels by Lauren E. Huntley against the Arundel Corporation, which petitioned David J. Conroy, Inc., into the suit, and by the Arundel Corporation against David J. Conroy, Inc., which filed a limitation of liability. From a decree for the Arundel Corporation, David J. Conroy, Inc., and Huntley appeal. Reversed in part, and affirmed in part.

Appeals by David J. Conroy, Inc., the petitioner, and Lauren E. Huntley, from a decree of the District Court for the Eastern District of New York, disposing of a proceeding in the admiralty to limit the liability of the petitioner for a collision in Hell Gate.

On January 30, 1925, during a season of extreme cold and unusual quantities of ice, the tug Conroy, with two loaded scows astern on a hawser, tried to pass through Hell Gate on the flood tide. At the time the drill, East River, was at work off Halletts Point in about mid-stream, and the Conroy, in passing, fouled her with the tail of her tow. The shock displaced the drill, which had raised her spuds in anticipation, and bent six of the seven metal casings fastened in the river bottom, within which the drills played. The seventh casing was broken off about 15 feet from its end, and was not recovered after some three hours' sweeping, carried on under extremely trying circumstances. At about noon the next day, the drill having been forced to leave her position through stress of weather, the appellant Huntley's lighter, the Winceco, while steaming over the spot without warning, was impaled by a casing, identified as one of those lost by the East River, but whether that broken on the preceding day, or one of two others lost before, was not absolutely proved.

Huntley libeled the drill's owner, the Arundel Corporation; the Arundel Corporation libeled the Conroy Company, and also petitioned it into Huntley's suit. Thereupon the Conroy Company filed the limitation in which this appeal arises. The District Court held the Conroy for the damages suffered both by the drill and the lighter, but exonerated the drill as against the claim of the lighter.

Earle Farwell and Barry, Wainwright, Thacher & Symmers, all of New York City, for Conroy Co.

Horace L. Cheyney and Macklin, Brown, Lenahan & Speer, all of New York City, for Huntley.

James A. Martin, Edward Elder, and Foley & Martin, all of New York City, for Arundel Corporation.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. [1] Huntley on this appeal confesses error in the decree in his favor against the Conroy, acknowledging that the causal connection is too tenuous between the tug's original fault and the lighter's damage. This leaves two questions: The Conroy's faults of navigation, and the drill's failure to recover or to mark the lost casing. How there can be any doubt of the first we confess ourselves unable to conceive. The Conroy proved herself unable to meet exactly those conditions that she was bound to expect. The ice, the tide, the drill, the real or supposititious Harlem River tow, the undoubted Hell Gate tow, the possible combination of all these; she was bound to be fit to deal with all of these when she left her pier, and if her power, her rig, or her make-up was improper, she has only herself to thank; she had no business to be out at such a season so loaded, if she was unable to fend against what she must meet.

[2] The drill's fault has given us more pause. That she was bound to use all reasonable care to recover the broken casing we agree; indeed, she acknowledges as much. That she did use all available means we are on the whole disposed not to dispute; the judge has accepted her story, and it seems to us not unreasonable. However, the circumstances of the search were so difficult as to raise in our

minds a question whether Nelson, the master, ought to have concluded, from his failure to find it, that the casing had been knocked flat. Sweeping, which might have given him an absolute assurance in open water, could hardly be conclusive evidence with the ice coming upon him in such quantities.

We agree that it was impracticable to mark the spot before the Winceco struck, and that the most he or his employer could have done was to advise the Lighthouse Department that he might have missed the casing. Assuming that in this he was at fault, still it seems to us only speculation to suppose that any warning would, or could, have reached the Winceco in time; at least the trial developed no evidence or suggestion as to how this could have been done. We cannot decide the case on what might suggest itself to us merely as possible, as, for example, that the Lighthouse Department would or might have advertised the situation in such a way as to bring it to Huntley's knowledge. If that was to be argued, the proof should have been made. As the case stands, it seems to us quite gratuitous to assume that notice was practicable to the whole Harbor.

Decree reversed, so far as it holds the tug to Huntley; otherwise, affirmed.